IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
AURORA LOAN SERVICES, LLC, a        )
Delaware Limited Liability Company, )
                                    )
              Plaintiff,            )   2:08-cv-01535-GEB-KJM
                                    )
         v.                         )   AMENDED ORDER*
                                    )
CHARLENE BRITTON,                   )
                                    )
              Defendant.            )
_____)
```

   Defendant moves to amend the Order filed May 21, 2009, seeking ninety days to tender the remaining balance on the loan, instead of the thirty days prescribed in the Order. This Amended Order grants Defendant the additional time she seeks. Defendant's remaining requests in her motion are denied.

   The cross motions for summary judgment are decided as follows. Plaintiff seeks summary judgment on its declaratory relief claim, in which it requests an order issue under 15 U.S.C. § 1635(b) of the Truth in Lending Act ("TILA"), that equitably modifies the rescission procedure prescribed in that Act so that Defendant is

---

  * This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

1  required to return the remaining balance on her home loan to Plaintiff
2  before Plaintiff reconveys the security interest on Defendant's real
3  property. (Compl. Prayer for Relief ¶ A.) Defendant seeks summary
4  judgment on her counter-claim, in which she prays for damages arising
5  from Plaintiff's failure to comply with the rescission procedure
6  prescribed in § 1635(b) that requires Plaintiff to reconvey the
7  security interest before Defendant returns to Plaintiff the balance on
8  the loan.
9        Plaintiff asserts this rescission procedure needs to be
10 modified because Defendant has not been willing to return the loan
11 proceeds. Plaintiff submits a letter it sent to Defendant in support
12 of its position in which it proposed that it would deposit a
13 reconveyance of the security interest with an escrow agent, following
14 which Defendant would deposit the loan proceeds with the same escrow
15 agent, the escrow agent would then record the reconveyance and release
16 the loan proceeds to Plaintiff. (McCann Decl. Exh. 5.) Plaintiff has
17 also submitted Defendant's letters sent to Plaintiff, in which
18 Defendant rejected Plaintiff's proposal of using an escrow agent to
19 assist with the rescission process. (McCann Decl. Exh. 6, 9, 11.)
20       Defendant counters the equities do not weigh in favor of
21 equitable modification since she is able to return the loan proceeds,
22 which the Ninth Circuit stated in Yamamoto v. Bank of New York, 329
23 F.3d 1167, 1173 (9th Cir. 2003), is a factor to be considered when
24 weighing the equities. Defendant declares she has "received a loan
25 commitment" and a "pre-approved" loan from a third-party, which
26 enables her to repay Plaintiff the loan proceeds. (Britton Decl.
27 ¶¶ 9, 11.) However, the Ninth Circuit also stated in Yamamoto, "a
28 court may impose conditions on rescission that assure the borrower

meets her obligations [of repaying the loan proceeds] once the creditor has performed its obligations [of reconveying the security interest]." Id. at 1173. Since it is undisputed that Defendant refuses to repay the loan by using the assistance of an escrow agent, conditions should be imposed on rescission to assure that Defendant repays the loan proceeds.  Therefore, this refusal weighs in favor of equitable modification of the § 1635(b) rescission procedure.

When weighing the equities, "all the circumstances" are taken into consideration, "including the nature of the [TILA] violations." Id. at 1173.  As the Ninth Circuit observed in LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1976), when the TILA violations are "not egregious," "[r]escission [] should [be] conditioned on a tender by [the borrower] of the [loan proceeds] advanced by the [creditor]."  Here, Plaintiff's Vice President Laura McCann explains the TILA violation at issue, declaring the original lender of Defendant's loan provided Defendant a TILA disclosure which erroneously understated the total finance charge by $5072.50. Plaintiff subsequently acquired Defendant's loan and thereafter discovered the finance charge error in the TILA disclosure.  Plaintiff promptly notified Defendant of her right to rescind the loan and refunded the $5072.50 undisclosed fees.  (McCann Decl. ¶¶ 17, 18.) McCann further avers Defendant elected rescission and has not made a loan payment since February 2008; the remaining balance of the loan, after subtracting all fees Defendant paid on the loan, is $313,711.97. (McCann Decl. ¶¶ 28, 29.)  Therefore, the nature of the TILA violation weighs in favor of granting Plaintiff's request for equitable modification of the § 1635(b) rescission procedure.

Defendant argues Plaintiff should not be granted the

requested equitable modification because Plaintiff unreasonably waited four months after receiving Defendant's notice of rescission to file this lawsuit. Plaintiff counters this delay is not unreasonable in light of the ongoing negotiation between the parties since "[t]he rescission process is intended to be private, with the creditor and debtor working out the logistics of a given rescission," quoting McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 421 (1st Cir. 2007) (citation omitted). The First Circuit also stated in McKenna:

> If . . . a debtor elects to rescind[,] the debtor notifies the creditor in writing of his or her desire to rescind, and the creditor must respond to that election within twenty days. During this response period, the creditor may comply with the request, resist rescission entirely, or agree to rescission while seeking equitable modifications. Should disagreements ensue or problems arise, either party may [seek relief in] federal court.

Here, Plaintiff responded to Defendant's notice of rescission within twenty days of receiving the notice and negotiated the procedures for rescission with Defendant over the following four months. Therefore, the four-month time period between Plaintiff's receipt of Defendant's notice of rescission and filing of the instant suit is not unreasonable and does not weigh against granting Plaintiff's request for equitable modification.

Therefore Plaintiff prevails on this portion of its summary judgment motion. Giving Defendant credit for all payments and other credits due in the amount of $44,288.03, leaves a net tender amount of $313,711.97 which Defendant must pay to Plaintiff to effectuate her rescission.

Since Plaintiff's claim for equitable modification of the § 1635(b) rescission procedure is granted, Plaintiff did not breach its statutory duty when it failed to comply with the § 1635(b)

4

rescission procedure, and Defendant's motion on her claim for breach of statutory duty is denied.

Plaintiff also seeks a 10% prejudgment interest on the remaining balance on the outstanding loan.  However, "[t]he proper formula [for determining the amount Defendant must return to Plaintiff] under [TILA] is . . . the loan amount less all charges in the loan agreement." Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 705 (9th Cir. 1986) (stating "[t]he district court erred by making the [debtors] responsible for interest . . ."). This is a "substantive provision[]" of TILA, which the Court does not have "equitable discretion to alter." Id. at 706 n.15.  Accordingly, this portion of Plaintiff's summary judgment motion is denied.

Plaintiff also moves for an order canceling a reconveyance of the security interest on Defendant's real property which was erroneously recorded by Plaintiff on October 6, 2008 under California Civil Code § 3412.  During the March 23, 2009 hearing on the motion, Defendant conceded Plaintiff's claim for cancellation of the October 6 reconveyance is within the scope of this action and that this claim should be granted since the October 6 reconveyance was recorded in error.  Accordingly, this motion is granted.

Plaintiff also moves for sanctions against Defendant and Defendant's counsel under Federal Rule of Civil Procedure 11, contending Defendant misrepresented facts and law in her summary judgment motion.  "Rule 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation . . . ." Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996) (citation omitted).  "If, judged by an objective standard, a reasonable basis for the position exists . . . then

sanctions should not be imposed." Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir. 1986). Plaintiff has not shown there is no reasonable basis for Defendant's position. Therefore, this motion is denied.

Therefore, the reconveyance of the security interest on Defendant's real property which was erroneously recorded at the office of the County Recorder of Sacramento on October 6, 2008, Book 20081006, Page 0357, is canceled.

Defendant shall tender the remaining balance on the loan in the amount of $313,711.97 to the Clerk of this Court within ninety (90) days of the date on which this Order is filed; thereafter the Court shall release the $313,711.97 to Plaintiff and release to Defendant the reconveyance of the security interest on Defendant's real property executed by Plaintiff on April 11, 2008.

In the event the Defendant fails to deposit the remaining balance on the loan as set forth above, judgment shall be issued reinstating the loan and declaring the rescission void and of no effect.

In light of the above rulings, the merits of the remaining motions need not be reached because those motions are mooted by this Order.

Dated: August 13, 2009

GARLAND E. BURRELL, JR.
United States District Judge